Phillips, Jr., *vs.* Adair *et al.*

WILLIAM R. PHILLIPS, Jr., plaintiff in error, *vs.* GEORGE W. ADAIR *et al.*, defendants in error.

[BLECKLEY, Judge, having been of counsel, did not preside in this case.]

1. When the judge of the superior court, by agreement of parties, tries a case on the law and facts without the intervention of a jury, the

same consideration will be given to his judgment on the facts as to the verdict of a jury thereon.

2. When the facts before the judge so acting were, that a purchaser for value held his deed to the land from the father and mother of the volunteer children, who held a prior deed of gift from the father to the mother for life, and to the children in remainder, and that this deed to the purchaser for value was dated the 21st of August, 1862, and witnessed by the attorneys and counselors, who, on the 15th of August, 1862, presented a petition on behalf of the father and mother to the judge of the superior court at chambers, in which the prior volunteer deed was set out in its terms and conditions, and obtained from said judge an order to sell the land, and when the prior volunteer deed was duly recorded:

*Held,* that this court will not disturb the finding and judgment of the judge so acting as judge and jury, to the effect that the purchaser for value, under the foregoing facts had, or could have had, knowledge of the prior voluntary conveyance, so that his conscience was affected thereby, and which, if not proof positive of actual notice, was equivalent thereto; and that, therefore, those claiming title under the volunteer children had a better title than the purchaser for value, under such circumstances, from the father and mother.

Vendor and purchaser. Practice in the Superior Court. Deeds. Notice. Title. Before Judge Hillyer. Fulton Superior Court. April Term, 1877.

Reported in the opinion.

P. L. Mynatt, for plaintiff in error.

E. P. Howell; E. N. Broyles, for defendants.

Jackson, Judge.

There were several claim cases tried together by Judge Hillyer as judge of law and facts without a jury. The claimants held title from the children of Solomon Nettles, under a deed of gift from Solomon to his wife, Mary, for life, remainder to the children. The plaintiff in *fi. fa.* sought to condemn the land as the property of Sasseen, under a deed from Solomon and Mary Nettles to him, the consideration being $2,800.00

The voluntary deed was duly recorded within a few days after its execution. The deed to Sasseen from Solomon and Mary Nettles was made some years afterwards, and dated the 21st of August, 1862. A few days before, to-wit, on the 15th of August, Messrs. Ezzard and Collier obtained leave, on the application of Solomon and Mary, to sell the land, from Judge Bull, at chambers, to which proceeding the children were not parties; and the same gentlemen, Messrs. Collier and Ezzard, were witnesses to the deed from Solomon and Mary Nettles to Sasseen. The petition for leave to sell set out the character and limitations of the deed of gift.

The claimants held under the children after the death of the mother. The plaintiff in *fi. fa.* had the land levied upon as the property of Sasseen, and stood on Sasseen's title. Judge Hillyer held that the claimants had the better title, and the plaintiff in *fi. fa.* excepted. The question turns on whether Sasseen had notice or not of the voluntary conveyance by Nettles to his wife for life, and children in remainder—for there is no pretence of fraud in the gift when made.

1, 2. The Code, section 2632, declares that a voluntary conveyance shall be void as against a subsequent *bona fide* purchaser, for value, without actual notice. Did Sasseen have actual notice, or its equivalent? The judge found, from the facts, that he had. We cannot say that he found wrong. His finding on the facts is entitled to the same respect as that of a jury, and the facts here would authorize the jury to find the equivalent of actual notice, if not actual notice itself. The facts that Sasseen took the deed from Solomon and Mary Nettles, that, a few days before, an order to sell, in which proceeding the deed to the children in remainder was fully set out, was had, that this proceeding was conducted by Messrs. Ezzard and Collier, as attorneys and counsel, that Messrs. Ezzard and Collier witnessed the deed from Solomon and Mary to Sasseen but a few days thereafter, are enough to bring any reasoning mind to con-

clude that Sasseen had full knowledge of the voluntary deed, that the proceeding was instituted on purpose to sell to him, and that he, in all probability, instituted the whole business, and had actual notice of the deed.

However that may be, certainly these facts authorize the clear and satisfactory conclusion that he had knowledge of this prior deed and all about it, or would have had it if he had not failed to ask Solomon or Mary Nettles, or Ezzard or Collier, about it, and thus wilfully failed to enlighten himself, when light was all around him ; and thus his conscience is affected by this knowledge or wilful failure to inquire.

The principle settled in 14 *Ga.*, 158, it seems to us, covers the law as applied to these facts. If the judge had been trying the case before a jury, and had put the law of actual ' notice or its equivalent—the knowledge of such facts as would put a reasonable man upon inquiry and charge his conscience to inquire—before the jury, and they had found the issue against Sasseen, we think that the evidence here would have authorized the finding. So, when the parties make him a jury, and he finds the facts sufficient to charge Sasseen with a conscientious duty to inquire about the purchase he was making, we will apply the same rule to him, and hold that he was authorized to find, if not actual notice of the deed, such knowledge about it as was tantamount to actual notice—as made it a conscientious duty on his part to inquire further. Four people were present when the deed was made who could tell him all about the prior deed : two, the makers of the deed to him ; the other two, the witnesses, and these witnesses lawyers, who knew all about such business, who probably drew the deed from them to him, and of whom it was so natural that he should inquire. The fact must have been that he did inquire, that they did tell him about it, and that he thought he was getting a good title by virtue of the proceedings before Judge Bull against the children, and was making a good bargain, like the purchaser in *Jordan et al., vs. Pollock,* 14 *Ga.,* 145–158, before cited.

Under this view of the law of this case and facts, as found and authorized to be found by the judge who tried it on law and facts, the entire case is disposed of, and it becomes unnecessary to consider the other questions made in the record. We therefore affirm the judgment in all the cases. It is scarcely necessary to add that the proceedings before Judge Bull, at chambers, we think, were proper to be considered as evidence in the cases.

Judgment affirmed.